IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEVIN LEE REED                                                                            PETITIONER

VS.                           No. 4:23-cv-00300 JM/PSH

DEXTER PAYNE, DIRECTOR,
Arkansas Division of Correction ("ADC")                                 RESPONDENT

## ORDER

Petitioner Kevin Lee Reed ("Reed") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Reed is in ADC custody as a result of his 2016 convictions for rape and sexual assault in the second degree. Reed appealed his convictions, arguing his right to represent himself had been denied. The Arkansas Supreme Court affirmed the convictions. *Reed v. State*, 2017 Ark. 246. That Court issued its mandate on October 3, 2017. Respondent Dexter Payne ("Payne") asserts Reed did not pursue any state court post-conviction relief.

On March 28, 2023, Reed filed this federal habeas corpus petition, alleging the following claims for relief:

1. Denial of his right to represent himself at trial;

2. Trial court error in denying his motion to exclude his statements made "under emotional and mental distress";

3. Ineffective assistance of trial counsel for failing to call certain witnesses and

failure to effectively challenge the sufficiency of the evidence; and

4. Denial of a fair trial due to trial counsel's performance and pressuring Reed not to testify.

**Statute of Limitations**

Payne contends the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends Reed should have filed his federal habeas petition on or before January 1, 2019, in order to comply with the timeliness provisions of 28 U.S.C. §

2244. Specifically, Payne calculates Reed's conviction became final ninety days after the October 3, 2017 mandate (the time in which Reed could have sought certiorari with the United States Supreme Court). Payne calculates that Reed's federal habeas petition was filed more than four years after the limitations period expired. Payne urges that Reed's failure to act sooner is fatal to the petition.

Before considering Payne's claim that Reed's petition should be dismissed for failure to file it within the statute of limitations, the Court will give Reed an opportunity to explain why his petition should not be dismissed.

**Procedural Default**

Payne also contends that Reed failed to properly raise claims 2, 3, and 4 in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See also, Clark v. Wood*, 823 F.2d 1241, 1250-51 (8th Cir. 1987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. 1987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the

past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

A review of the pleadings in this case convinces the Court that Reed did not adequately advance claims 2, 3, and 4 in the Arkansas state court system. As a result, dismissal of these claims may be proper due to procedural default. Before making a final determination, though, the Court will give Reed an opportunity to explain his failure to adequately raise these claims in state court.

**Conclusion**

Reed is granted until, and including, November 20, 2023, to submit a pleading in which he explains why the petition should not be dismissed as untimely and why claims 2, 3, and 4 should not be dismissed as procedurally defaulted. Final consideration of this petition will be postponed pending the receipt of that pleading.

IT IS SO ORDERED this 17th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE