IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEVIN LEE REED                                                                                          PETITIONER

VS.                              No. 4:23-cv-00300 JM/PSH

DEXTER PAYNE, DIRECTOR,
Arkansas Division of Correction ("ADC")                                               RESPONDENT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Kevin Lee Reed ("Reed") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court recommends dismissal of the petition as untimely.

Reed is in ADC custody as a result of his 2016 convictions in Benton County for one count of rape and one count of sexual assault in the second degree. Reed appealed his convictions, advancing one claim – his right to represent himself had

been denied. The Arkansas Supreme Court affirmed the convictions. *Reed v. State*, 2017 Ark. 246. That Court issued its mandate on October 3, 2017. Respondent Dexter Payne ("Payne") asserts Reed did not pursue any state court post-conviction relief, and Reed does not dispute this point.

On March 28, 2023, Reed filed his federal habeas corpus petition, alleging the following claims for relief:

1. Denial of his right to represent himself at trial;

2. Trial court error in denying his motion to exclude his statements made "under emotional and mental distress";

3. Ineffective assistance of trial counsel for failing to call certain witnesses and failure to effectively challenge the sufficiency of the evidence; and

4. Denial of a fair trial due to trial counsel's performance and pressuring Reed not to testify.

**Statute of Limitations**

Payne contends the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

> the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends Reed should have filed his federal habeas petition on or before January 1, 2019, in order to comply with the timeliness provisions of 28 U.S.C. § 2244. Specifically, Payne claims that Reed's conviction became final ninety days after the October 3, 2017 mandate (the time in which Reed could have sought certiorari with the United States Supreme Court), or on January 1, 2018. Thus, according to Payne, Reed's petition should have been filed no later than January 1, 2019 to be timely. His petition, however, was filed more than four years after the limitations period expired. Payne urges that Reed's failure to act sooner is fatal to the petition. In addition, Payne contends claims 2, 3, and 4 should be dismissed for Reed's failure to properly present these claims in state court.

Payne is correct that Reed's conviction became final on January 1, 2018, and that a timely federal habeas petition should have been filed on or before January 1, 2019. Since no postconviction petition was filed, the limitation period was not statutorily tolled. *See* 28 U.S.C. § 2244(2). Thus, the limitations period expired, as

Payne calculated, more than four years prior to Reed's March 2023 filing of this habeas corpus petition.

> The failure to file a timely petition can be excused under some circumstances:
>
> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Reed has not established the existence of extraordinary circumstances beyond his control that made it impossible to file a timely petition. Reed claims he had no legal help or representation after his incarceration because he is indigent. "[P]ro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Reed has also failed to demonstrate conduct on the part of the defendant that caused him to be late in filing or other external circumstances, not attributable to his actions, that caused the delay.

Finally, Reed says, "In my right state of mind I have always denied both the rape and sexual assault charges." Docket entry no. 20, page 4. This assertion, which the Court liberally construes as one of actual innocence, does not equitably toll the limitations period. The Supreme Court, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), held that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, Reed must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Court went on to set the applicable standard: the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This demanding standard is not met by Reed's denial of guilt. As a result, Reed fails to establish actual innocence as a pathway to defeating the limitations period.

For these reasons, the Court recommends that the petition be dismissed as untimely.[1]

---

[1] Claims 2, 3, and 4 are also not properly before this Court due to Reed's unexcused failure to pursue them in state court.

5

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 4th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE